UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA  :   Criminal Action
                          :   No. 06-120(SRC)
                          :
         -vs-             :   ORDER FOR DISCOVERY
                          :   AND INSPECTION
ROBERT A. HULL

In order to eliminate unnecessary motions for discovery in this case, to eliminate delays in the presentation of evidence and the examination of witnesses and to expedite the trial pursuant to the provisions of the Speedy Trial Act of 1974,

IT IS ORDERED:

1. **CONFERENCE**. Within ten (10) days from the date hereof, the United States Attorney or one of his or her assistants and the defendant's attorney shall meet and confer and the government shall:

    (a)  Permit defendant's attorney to inspect and copy or photograph any relevant written or recorded statements or confessions made by the defendant, or copies hereof, within the possession, custody or control of the government, the existence of which is known, or may become known, to the attorney for the government;

    (b)  Permit defendant's attorney to inspect and copy or photograph any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or may become known, to the attorney for the government;

    (c)  Permit defendant's attorney to inspect and copy or photograph any recorded testimony of the defendant before a grand jury;

    (d)  Permit the defendant's attorney to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places which are the property of the defendant and which are within the possession, custody, or control of the government;

(e)   Permit the defendant's attorney to inspect and copy or photograph the defendant's prior criminal record in the possession of the attorney for the government;

(f)   Permit the defendant's attorney to inspect, copy or photograph any exculpatory evidence within the purview of Brady v. Maryland.

(g)   If there is more than one defendant named in the indictment, and if the government intends to introduce into evidence in its case in chief a confession made to law enforcement authorities by one defendant which names or makes mention of a co-defendant, then the government must make a copy of that statement or confession available to counsel for the non-declarant defendant, along with a proposal for its redaction to conform with the requirements of Bruton v. United States.  If the government makes no such disclosure and turnover within the time period allowed, the confession may not be received at a joint trial of the declarant and non-declarant defendants.  If, within ten (10) days after receipt of the confession and its redacted version, counsel for the non-declarant defendant makes no objection to the redacted statement, he or she will be deemed to have acceded to the receipt of the redacted statement into evidence.

(h)   The obtaining of discovery by a defendant or his or her attorney as provided in paragraph 1(b) and 1(d) shall be deemed a request for discovery for purposes of Rule 16(b), F.R.Cr.P.  In the event the defendant wishes to decline all or part of the discovery required to be provided in paragraph 1(b) and 1(d), he or she shall so notify the United States Attorney or one of his or her assistants prior to obtaining such discovery.  In the event the defendant declines discovery, the government shall have no obligation to provide discovery under the provisions of paragraph 1(b) or 1(d) of this Order.

2.   **DISCLOSURE DECLINED.**  If, in the judgment of the United States Attorney, it would be detrimental to the interests of justice to make any disclosures set forth in paragraph 1, disclosure may be declined, and defense counsel advised in writing of the declination within five (5) days of the

conference.

If the defendant seeks to challenge the declination he or she may move the court for relief in the following manner:

    (a) No later that five (5) court days from the time that the government declines, the defendant shall files a motion for discovery or inspection.

    (b) The motion shall notice a hearing on the next appropriate motion day pursuant to the provisions of General Rule 12 of the General Rules of this court.

    (c) The motion shall set forth (1) the statement that the prescribed conference was held; (2) the date of the conference; (3) the name of the Assistant United States Attorney with whom the conference was held; (4) the matters which were agreed upon; and (5) the matter which are in dispute and which required the determination of the court.

3. **CONTINUING DUTY.** Any duty or disclosure and discovery set forth herein is a continuing one and the United States Attorney shall produce any additional information gained by the government.

4. **EXHIBITS.** The government shall **pre-mark** all exhibits which it intends to introduce as part of its direct case and shall permit defendant's attorney to inspect and copy these exhibits 30 days prior to the commencement of trial. A set of such pre-marked exhibits with an exhibit list should be turned over to the deputy clerk before or at the outset of trial. Unless declined by notice to the United States Attorney or one of his or her assistants, the opportunity to inspect and copy the Government's exhibits shall be deemed a request for discovery for purposes of Rule 16(b), F.R.Cr.P. The defendant's exhibits shall also be **pre-marked** but need not be disclosed until actually used at trial or when ordered by the court. The government shall also **pre-mark** all Jencks Act materials so that no trial delay is encountered by marking such materials at the time of turnover to defendant's counsel.

5. **AUTHENTICITY OF EXHIBITS.** The authenticity of all exhibits examined by defense counsel pursuant to the provisions of paragraph 4 of this Order will be deemed to have been accepted by the defendant unless defense counsel files with the court, 14 days prior to the date of trial, a notice that the authenticity of the exhibits will be contested by the defendant at trial, together with a statement delineating why the authenticity of the exhibits is being challenged together with a certification that the challenge to authenticity is being made in good faith.

6. **CHAIN OF POSSESSION.** When defense counsel has examined an exhibit pursuant to the provisions of paragraph 4 of this Order, the chain of possession of the exhibit will be deemed to have been accepted the defendant unless defense counsel files with the court, 14 days prior to the date of trial, a notice that the chain of possession of the exhibit will be contested by the defendant at trial together with a statement delineating that the exhibit is being so challenged and a certification that the challenge is being made in good faith.

7. **SCIENTIFIC ANALYSIS.** When the government has disclosed to defense counsel, at the conference set forth in paragraph 1, the scientific analysis of an exhibit proposed to be introduced at the trial by the government, which analysis has been determined by an expert in the field of science involved, then the scientific analysis of the exhibit will be deemed admitted unless defense counsel files with the court prior to fourteen (14) days of the trial a notice that the scientific analysis of the exhibit will be contested.

8. **OTHER MOTIONS BY DEFENDANT.** Motions regarding defenses or objections permitted pursuant to Rules 12 and 41(e), F.R.Cr.P., including *inter alia* motions for suppression of evidence, shall be made within thirty (30) days from the date hereof unless good cause for delay is shown. In the case of discovery matters covered by other provisions of this Order, the time and procedure specified in such provisions shall govern.

THIS AMENDMENT IS IN ACCORDANCE WITH LOCAL RULE 12 F.

9. **MOTION AND TRIAL SCHEDULE.**

Defendant's motions to be filed by APRIL 9, 2010
Government's response   APRIL 19, 2010
Motion Hearing scheduled for   APRIL 26   at 11:00 a.m.

Ordered Trial Date set for MAY 3, 2010 at 10:00 a.m.

10. Ordered that proposed voir dire questions and requests to charge be furnished to the Court 10 days **prior** to the date of trial.

s/ Stanley R. Chesler, U. S. D. J.

DATE: 3/4/2010